The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Kimberly I. Berson,

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

    S.M. TRANSPORTATION, LTD.,

                    Debtor.

Chapter 7

Case No. 10-43746-ess

------------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.

                  Plaintiff,

    -against-

MARIA IQBAL AND SHAKIL IQBAL,

                Defendants.

Adv. Pro. No.:

------------------------------------------------------------------x

## COMPLAINT

      DEBRA KRAMER, as trustee (the "Trustee") of the estate of S.M. Transportation, Ltd. (the "Debtor"), the debtor herein, by and through her counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for her complaint (the "Complaint") against Maria Iqbal ("Maria") and Shakil Iqbal ("Shakil") (collectively referred to as the "Defendants" and/or the "Iqbals"), the Defendants herein, and states as follows:

### THE PARTIES

1. The Plaintiff is the Chapter 7 Trustee herein ("Plaintiff" or "Trustee").

2. Upon information and belief, Maira Iqbal ("Maria") is a principal of the Debtor

1

and resides at 16 Northridge Drive, Coram, New York 11727. Maria is an "insider" of the Debtor as that term is defined under the Bankruptcy Code.

3. Upon information and belief, Shakil Iqbal ("Shakil") is a principal and/or officer of the Debtor and resides at 16 Northridge Drive, Coram, New York 11727. Shakil is an "insider" of the Debtor as that term is defined under the Bankruptcy Code.

## JURISDICTIONAL PREDICATE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

5. The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

6. The statutory predicates for the relief sought herein are 11 U.S.C.§§ 544, 547, 548, 549 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

7. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (F), (H), and (O) and Bankruptcy Rules 7001 *et. seq.*

8. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and

judgment by this Court determining such causes of action.

## BACKGROUND

9. S.M. Transportation, Ltd. (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 28, 2010 (the "Petition Date").

10. By Order of the Court dated December 21, 2010, the case was converted from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

11. Debra Kramer was appointed the interim chapter 7 Trustee and thereafter did qualify as the permanent case Trustee.

12. Within the six year period prior to the filing, the Debtor made many payments for the benefit of the Defendants and did not receive any consideration in exchange for the payments made which benefitted the Defendants.

13. Specifically, within the six year period prior to the filing, the Debtor made several mortgage payments (the "mortgage payments") to Citibank, N.A. in connection with the Defendants' residence commonly known as 16 Northridge Drive, Coram, New York 11727.

14. The total amount of the mortgage payments made by the Debtor for the benefit of the Defendants is $20,911.77.

15. The Debtor did not receive any consideration for the mortgage payments made to Citibank, N.A. which benefitted the Defendants.

16. The payments were made at a time when the Debtor was insolvent and/or the

payments rendered the Debtor insolvent.

17. Within the six years prior to the filing, the Debtor made payments to Villa Lombardi's in connection with the Defendants' daughter's sweet sixteen.

18. The total amount of the payments made by the Debtor to Villa Lombardi for the benefit of the Defendants was $9,000.00.

19. The Debtor did not receive any consideration for the payments made to Villa Lombardi's which benefitted the Defendants.

20. The Debtor made the payments to Villa Lombardi's at a time that it was insolvent and/or the payments rendered the Debtor insolvent.

21. Within the six years prior to the filing, the Debtor made payments to Liberty Home Improvements which benefitted the Defendants.

22. The Debtor did not receive any consideration for the payments it made to Liberty Home Improvements.

23. The total amount of payments made to Liberty Home Improvements by the Debtor was $25,650.00.

24. The Debtor made the payment to Liberty Home Improvements at a time that it was insolvent and/or the payments rendered the Debtor insolvent.

25. Upon information and belief, within the six years prior to the filing, the Debtor issued numerous checks made payable to Maria and/or to cash which were later endorsed by Maria and did not receive any consideration in exchange for the checks.

26. Within the six year period prior to the filing, total amount of the checks issued by

the Debtor made payable to Maria and/or to cash which were later endorsed by Maria and in which the Debtor did not receive any consideration in exchange for was $80,223.88.

27. Of the $80,223.88 in funds which were transferred to Maria from the Debtor within the six year period prior to the filing, the sum of $27,119.70 was transferred to Maria within the two year period prior to the filing.

28. Within the six year period prior to the filing, the Debtor made numerous payments to Shakil which it did not receive consideration in exchange for the payments.

29. Upon information and belief, the total amount of the payments received by Shakil from the Debtor within the six year period prior to the filing was $6,700.00 and the Debtor did not receive any consideration for said payments.

30. On or about May 24, 2006, the Debtor issued check number 2262 to Suffolk County Community College issued in the amount of $1,043.50 for the payment of Shan Iqbal's tuition and received no consideration for such payment.

31. The above pre-petition transfers of payments to the Defendants and/or for the benefit of the Defendants from the Debtor made within the six year period prior to the filing total $143,529.15 (the "Pre-Petition Payments").

32. The Defendants as principals of the Debtor made these Pre-Petition Payments for the purpose of committing an intentional fraud upon the creditors of the Debtor and to the detriment of the creditors of the Debtor while within their fiduciary capacity as the Debtor's principals and/or officers.

33. Within the ninety day period prior to the filing, the Debtor issued payments to

Maria which total approximately $6,400.00 ("Preference Payments").

34. Subsequent to the Chapter 11 filing, the Debtor issued a payment to Maria in the amount of $2,350.00 (the "Post-Petition Transfer").

**AS AND FOR A FIRST CAUSE OF ACTION
PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34".

36. To the extent that the claims herein arise under Bankruptcy Code § 544(b), the Trustee is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

37. Upon information and belief, the transfer of the Pre-Petition Payments by Debtor to the Defendants were made at a time when the Debtor was insolvent or it rendered the Debtor insolvent.

38. Upon information and belief, the Debtor did not receive any consideration or fair consideration for the transfer of the Pre-Petition Payments to the Defendants.

39. The Defendants benefitted from the transfer made by the Debtor.

40. The transfer of the Pre-Petition Payments is voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

41. By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the transfer of the Pre-Petition Payments made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273.

## AS AND FOR A SECOND CAUSE OF ACTION
## UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
## AND SECTION 550 OF BANKRUPTCY CODE

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "41".

43. Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value thereof.

44. The Defendants befitted from the Debtor's transfer of the Pre-Petition Payments to them in an amount of $143,529.15.

45. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants in an amount of $143,529.15 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 275

46. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" as if each were more fully set forth herein.

47. The transfer of the Pre-Petition Payments was made without fair consideration when the Debtor and the Defendants intended and believed that the Debtor would incur debts beyond its ability to pay them as they became due.

48. The transfer is voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

49. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the

transfer of the Pre-Petition Payments as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49".

51. Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value thereof.

52. The Defendants befitted from the Debtor's transfer of the Pre-Petition Payments to them in an amount of $143,529.15.

53. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants in an amount of $143,529.15 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 276

54. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as if each were more fully set forth herein.

55. Upon information and belief, the transfer of the Pre-Petition Payments was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

56. The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

57. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer of the Pre-Petition Payments as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

### AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57".

59. Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value thereof.

60. The Defendants befitted from the Debtor's transfer of the Pre-Petition Payments to them in an amount of $143,529.15.

61. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants in the amount of $143,529.15 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A SEVENTH CAUSE OF ACTION UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" as if each were more fully set forth herein.

64. The Plaintiff is also entitled to recover attorneys' fees under Debtor and Creditor Law § 276-a.

65. By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor

and Creditor Law.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "65" as if each were more fully set forth herein.

67. The Pre-Petition Payments to the Defendants by the Debtor have caused them to be unjustly enriched.

68. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount of $143,529.15.

## AS AND FOR A NINTH CAUSE OF ACTION UNDER 11 U.S.C.§548

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" as if each were more fully set forth herein.

70. Pursuant to section 548 of the Bankruptcy Code, the trustee may void any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two (2) years before the date of the filing of the petition, if the debtor voluntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted or received less than a reasonable equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; was engaged in business or a transaction,

or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

71. The Pre-Petition Payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition total $27,119.70.

72. The payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition were made at a time that the Debtor was insolvent or it rendered the Debtor insolvent.

73. The payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition were made for no or little consideration.

74. By virtue of the foregoing, Plaintiff requests a declaratory judgment determining that the $27,119.70 in payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition constitute a fraudulent conveyance under Section 548 of the Bankruptcy Code.

### AS AND FOR A TENTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "74".

76. Under Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer of the

Payments that was made and/or the value thereof.

77. The Defendant befitted from the Debtor's transfer of the Payments to her in an amount of $27,119.70.

78. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount of $27,119.70 pursuant to Sections 548 and 550 of the Bankruptcy Code.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 547

79. The Debtor repeats and re-alleges each and every allegation contained in paragraphs "1" through "78" as if each were more fully set forth herein.

80. Under Section 547 of the Bankruptcy Code, the Debtor may avoid any transfer of an interest of the Debtor in property to or for the benefit of a creditor for or on account of an antecedent debt owed by the Debtor before such transfer was made, if the transfer was made while the Debtor was insolvent and was made within the ninety day period prior to the filing of the petition, if the transfer enabled such creditor to receive more than such creditor would have received had the case been a case under chapter 7 of the Bankruptcy Code or the transfer had not been made.

81. The Defendants received from the Debtor a total of $6,400.00 in payments within ninety day period prior to the filing of the petition (the "Preference Payments").

82. Upon information and belief, the Defendants received the Preference Payments on the account of an antecedent debt.

83. Upon information and belief, the Preference Payments was a transfer of an interest

of the Debtor in property to the Defendants.

84. Upon information and belief, the Preference Payments benefitted the Defendants.

85. Upon information and belief, the Preference Payments were made while the Debtor was insolent or rendered the Debtor insolvent.

86. Upon information and belief, the Preference Payments enabled the Defendants to receive more than they would receive in a Chapter 7 case if the transfer was not been made.

87. In view of the foregoing, the Preference Payments constitute a preference and said transfer of payments is avoidable by the Plaintiff pursuant to Section 547 of the Bankruptcy Code.

88. Accordingly, the Debtor requests a judgment setting aside the transfer of the Preference Payment in accordance with Section 547 of the Bankruptcy Code.

## AS AND FOR A TWELFTH CAUSE OF ACTION PURSUANT TO 11 U.S.C. §§550 AND 551

89. Plaintiff repeats and realleges each and every allegations set forth in paragraphs "1" through "88" as though it was fully set forth herein.

90. Under sections 550 and 551 of the Bankruptcy Code, the Debtor may recover the above-mentioned funds that were transferred or the value thereof from the Defendants for the benefit of the Debtor's estate.

91. The total amount of payments transferred from the Debtor to the Defendants within the ninety day period prior to the filing is $6,400.00.

92. Accordingly, Plaintiff requests judgment against the Defendants in the sum of

$6,400.00 pursuant to Sections 550 and 551 of the Bankruptcy Code and directing the Defendant to turnover said sum to the Plaintiff.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO
11 U.S.C. §549**

93. Plaintiff repeats and realleges each and every allegations set forth in paragraphs "1" through "92" as though it was fully set forth herein.

94. Subsequent to the filing of the petition, the Debtor made one payments to the Defendants which were not authorized under any provision under Bankruptcy Code in the amount of $2,350.00 (the "Post-Petition Payment").

95. Upon information and belief, the Post-Petition Payments was not authorized by the Bankruptcy Court or the provisions of the Bankruptcy Code.

96. Upon information and belief, the Post-Petition Payment was made on the account of a pre-petition debtor.

97. Accordingly, Plaintiff requests a judgment setting aside the transfer of the Post-Petition Payment as unauthorized in accordance with Section 549 of the Bankruptcy Code.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION PURSUANT TO
11 U.S.C. §§550 AND 551**

98. Plaintiff repeats and realleges each and every allegations set forth in paragraphs "1" through "97" as though it was fully set forth herein.

99. Under sections 550 and 551 of the Bankruptcy Code, the Debtor may recover the above-mentioned funds that were transferred or the value thereof from the Defendants for the benefit of the Debtor's estate.

100. The total amount of Post-Petition Payment transferred from the Debtor to the Defendants subsequent to the filing which was not an authorized transfer is $2,350.00.

101. Accordingly, Plaintiff requests judgment against the Defendant in the sum of $2,350.00 pursuant to Sections 550 and 551 of the Bankruptcy Code and directing the Defendant to turnover said sum to the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action, a declaratory judgment setting aside the transfer of the Pre-Petition Payments made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273;

(b) On the Second Cause of Action, against the Defendants in an amount of $143,529.15 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(c) On the Third Cause of Action, against the Defendants setting aside the transfer of the Pre-Payments as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b);

(d) On the Fourth Cause of Action, against the Defendants in an amount of $143,529.15 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(e) On the Fifth Cause of Action, setting aside the transfer of the Pre-Petition Payments as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b);

(f) On the Sixth Cause of Action, against the Defendants in the amount of $143,529.15 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(g) On the Seventh Cause of Action, judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(h) On the Eighth Cause of Action against the Defendants in an amount of $143,529.15;

(i) On the Ninth Cause of Action, a declaratory judgment determining that the $27,119.70 in payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition constitute a fraudulent conveyance under Section 548 of the Bankruptcy Code;

(j) On the Tenth Cause of Action, a declaratory judgment determining that the $27,119.70 in payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition constitute a fraudulent conveyance under Section 548 of the Bankruptcy Code;

(k) On the Eleventh Cause of Action, setting aside the transfer of the Preference Payments in accordance with Section 547 of the Bankruptcy Code;

(l) On the Twelfth Cause of Action, against the Defendant in the sum of $6,400.00 pursuant to Sections 550 and 551 of the Bankruptcy Code and directing the Defendant to turnover said sum to the Plaintiff;

(m) On the Thirteenth Cause of Action, setting aside the transfer of the Post-Petition Payment as unauthorized in accordance with Section 549 of the Bankruptcy Code;

(n) On the Fourteenth Cause of Action, against the Defendant in the sum of $2,350.00

pursuant to Sections 550 and 551 of the Bankruptcy Code and directing the Defendant to turnover said sum to the Plaintiff; and

(o) for such other relief as this Court deems just proper and equitable.

Dated: Huntington, New York
December 14, 2011

                                                The Law Offices of Avrum J. Rosen, PLLC
                                                Attorneys for the Trustee/Plaintiff

                                                S/Fred S. Kantrow
                                                Fred S. Kantrow
                                                Kimberly I. Berson
                                                38 New Street
                                                Huntington, New York 11743
                                                631 423 8527
                                                fkantrow@avrumrosenlaw.com