UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

S.M. TRANSPORTATION, LTD.,

                              Debtor.
-------------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.
                           Plaintiff,

-against-


MARIA IQBAL AND SHAKIL IQBAL,

                           Defendants.
-------------------------------------------------------------------x

Chapter 7

Case No. 10-43746-ess

Adv. Pro. No.: 11-01539

### JURY TRIAL UNDER ARTICLE III DEMANDED

ANSWER TO THE COMPLAINT

(FILED FOR ADJUDICATION SOLEY UNDER ARTICLE III)

Statement regarding jurisdiction of Bankruptcy Court over the Defendant:

      Respectfully, this bankruptcy unit of the Eastern District of New York, as constituted under 28 U.S.C. § 151 and presided over by judicial officer of this district, does not have jurisdiction over the dispute and defendants. Bankruptcy Trustee's power to avoid a fraudulent conveyance is "more accurately characterized as a 'private rather than 'public right'" as these terms are used in "Article III decisions." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55 (1989). Further, if a

cause of action "is not a 'public right' for Article III purposes, then Congress may not assign its adjudication to a special non-Article III court lacking 'the essential attributes of the judicial power.'" Id. at 53 (quoting *Crowell v. Benson*, 285 U.S. 22, 51 (1932)). This private right does not fall within the narrow categories of "exceptional" grant of power to the executive and legislative branch involving territorial courts, military tribunals and public rights as identified by Supreme Court. *Northern Pipeline Constr. Co. v. Marathon Pipeline Co*. 458 U.S. 50 (1982). Private right issues [only those constitutionally delegable], cannot be assigned to non-Article III tribunals for adjudication without the express consent of the litigants. *Commodity Futures Trading Comm'n v. Schor* 478 U.S. 833 (1986).

Further, upon request for a jury trial, the bankruptcy court cannot continue to assume jurisdiction on the underlying action, as Seventh Amendment is a bar to assignment of such rights issues to a non-Article III tribunal. See also *McCarthy v. Bronson,* 500 U.S. 136, 144 (1991)(approving of statutory construction that would not authorize a claim to be referred to a magistrate when a right to jury trial is asserted). The underlying dispute is couched in state based causes of action, and as Seventh Amendment bars congressional assignment of adjudicatory authority over state-law claims to administrative agency, this case must be adjudicated by an Article III court, thus bankruptcy court cannot assume jurisdiction on the issue. See *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp*. 489 U.S. 561, 578 (1989).

Jurisdiction of this bankruptcy unit is also negated on the fact that the bankruptcy judges are not magistrates as they lack constant supervision and have self executing orders and thus cannot be justified on the theory of permissible delegation of article III work. Therefore, bankruptcy judges cannot even permissibly propose findings of facts and conclusion of law. Further, the appointment of the bankruptcy judges also is in violation of Appointment Clause of the U.S. Constitution and thus adjudicating body of this dispute is not constitutional.

**ANSWER**

Filing of this answer and or counterclaim is not a consent to the jurisdiction of the bankruptcy court, but is being filed for adjudication by Article III judge as the Defendant invokes the right to be heard by an Article III Judge.

Karamvir Dahiya, Esq. of Dahiya Law Offices LLC appearing for Maria Iqbal ("Maria") and Shakil Iqbal ("Shakil"), collectively "Iqbals", answer the complaint as follows:

1. Admits Paragraph "1" of the Complaint.

2. For Paragraph "2" of the Complaint, admits that Maria's residential address, however denies Maria as an "insider" and or dominating party in the affairs of the debtor.

3. Admits Paragraph "3" of the Complaint.

4. For Paragraph 4 of the Complaint, Iqbal denies that the Bankruptcy Court has jurisdiction over this action.

5. For Paragraph 5 of the Complaint, Iqbal denies that the Bankruptcy Court of Eastern District is the proper venue for this dispute.

6. For Paragraph 6 of the Complaint, Iqbals admits that this proceeding is allegedly predicated on 11 U.S.C.§§ 544, 547, 548, 549 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 et. seq., and common law principles of fraud and unjust enrichment.

7. For Paragraph 7, admits that this adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (F), (H), and (O) and Bankruptcy Rules 7001 et. seq. however denies it as providing jurisdiction to the bankruptcy court exercising such powers as enumerated as under said sections regarding this dispute.

8. For paragraph 8, denies that the bankruptcy court can have subject matter jurisdiction based on consent.

9. Admits paragraph 9.

10. Admits paragraph 10.

11. For Paragraph 11 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

12. Denies paragraph 12.

13. Admits paragraph 13.

14. Admits paragraph 14.

15. Admits paragraph 15.

16. For Paragraph 16 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

17. Admits Paragraph 17.

18. Admits paragraph 18.

19. Admits paragraph 19.

20. Denies paragraph 20.

21. Admits paragraph 21.

22. Denies paragraph 22.

23. Denies paragraph 23.

24. For Paragraph 24 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

25. Cannot answer paragraph 25 of the complaint being too vague.

26. Denies paragraph 26 of the complaint.

27. Denies paragraph 27 of the complaint.

28. Denies paragraph 28 of the complaint

29. Denies paragraph 29 of the complaint.

30. Denies paragraph 30 of the complaint.

31. Denies paragraph 31 of the complaint.

32. Denies paragraph 32 of the complaint.

33. For Paragraph 33 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

34. For Paragraph 34 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

35. Denies paragraph 35 of the complaint.

36  For Paragraph 36 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

37. For Paragraph 37 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

38.  Denies paragraph 38 of the Complaint.

39. Denies paragraph 39 of the Complaint.

40. For Paragraph 40 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

41. For Paragraph 41 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

42. Denies paragraph 42 of the complaint.

43 For Paragraph 43 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

44. Denies paragraph 44 of the complaint.

45. For Paragraph 45 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

46. Denies paragraph 46 of the Complaint.

47. Denies paragraph 47 of the Complaint.

48. For Paragraph 48 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

49. For Paragraph 49 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

50. Denies paragraph 50 of the complaint.

51. For Paragraph 51 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

52 Denies paragraph 52 of the complaint.

53. For Paragraph 53 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

54. Denies paragraph 54 of the complaint.

55. Denies paragraph 55 of the complaint.

56. For Paragraph 56 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

57. For Paragraph 57 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

58. Denies paragraph 58 of the complaint.

59. For Paragraph 59 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

60. Denies paragraph 60 of the Complaint.

61. For Paragraph 61 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

62. Denies paragraph 62 of the complaint.

64. For Paragraph 64 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

65. For Paragraph 65 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

66. Denies paragraph 66 of the complaint.

67. Denies paragraph 67 of the complaint.

68. Denies paragraph 68 of the complaint.

69. Denies paragraph 69 of the complaint.

70. For Paragraph 70 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

71. Denies paragraph 71.

72. For Paragraph 72 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

73. Denies paragraph 73.

74. For Paragraph 74 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

75. Denies paragraph 75 of the complaint.

76. For Paragraph 76 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

77. Denies paragraph 77 of the complaint.

78. For Paragraph 78 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

79. Denies paragraph 79 of the complaint.

80. For Paragraph 80 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

81. For Paragraph 81 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

82. For Paragraph 82 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

83. Denies paragraph 83 of the complaint.

84. For Paragraph 84 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

85. For Paragraph 85 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

86. For Paragraph 86 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

87. For Paragraph 87 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

88. For Paragraph 88 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

89. Denies paragraph numbered 89.

90. For Paragraph 90 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

91. For Paragraph 91 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

92. For Paragraph 92 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

93. Denies paragraph numbered 93 of the complaint.

94. For Paragraph 94 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

95. For Paragraph 95 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

96. For Paragraph 96 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

97. For Paragraph 97 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

98. Denies paragraph 98 of the complaint.

99. For Paragraph 99 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

100. For Paragraph 100 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

101. For Paragraph 101 of the Complaint, Iqbal lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

## AFFIRMATIVE DEFENSE

**FIRST DEFENSE**

1. The bankruptcy court does not have jurisdiction on this subject matter, dispute and the party defendants.

**SECOND DEFENSE.**

2. The bankruptcy court lacks personal jurisdiction.

**THIRD DEFENSE**

3. The property transferred is not property of the estate.

**FOURTH DEFENSE.**

4. Additionally and/or alternatively, the Plaintiff fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

5 Additionally and/or alternatively, the plaintiff was neither insolvent nor rendered solvent as a result of transfer.

**SIXTH DEFENSE.**

6. Additionally and/or alternatively, the debtor and or defendant lacked any intent to defraud the creditors.

**SEVENTH DEFENSE**

7. Additionally and/or alternatively, the Iqbals by way of affirmative defense pleads accord and satisfaction as the debtor had mortgaged the property and took out a loan of $250,000 and lend this money to the debtor.

**EIGHT DEFENSE**

8. Additionally, and/or alternatively, and by way of affirmative defense, Iqbals pleads payment.

**NINTH DEFENSE**

9. Additionally, and/or alternatively, and by way of affirmative defense, Iqbal pleads release.

**TENTH DEFENSE**

10. The plaintiff Claim is barred, in whole or in part, by the doctrine of estoppel

**ELEVENTH DEFENSE**

11. SM Transportation is barred, in whole or in part, by the doctrine of waiver.

**COUNTERCLAIM**

(Only for adjudication under Article III and this is not a consent to the jurisdiction of the bankruptcy court)

Defendants, Iqbals, by and through counsel, hereby counterclaims against plaintiff as follows:

1. Defendants mortgaged their residential home and lent more than $250,000 to the debtor S.M. Transportation.
2. Defendant Shakil is the corporate officer of S.M. Transportation and he operated the same.
3. Money loaned to S.M Transportation is still due and has not been paid.
4. Money Loaned to S.M. Transportation belongs to the defendants and their family

Wherefore, the counterclaimant prays for judgment before an Article III judge as follows:

a. Dismissal of all claims of the plaintiff, panel trustee with prejudice;
b. Judgment in favor of the defendants regarding the counterclaim.
c. Such other and further relief as the Article III court shall find just and proper.

Dated: April 25, 2013  
New York New York                         /s/karamvir Dahiya  
                                          _____  
                                          Karamvir Dahiya, Esq. for defendants