The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Fred S. Kantrow
Kimberly I. Berson

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re:

     S.M. TRANSPORTATION, LTD.,

                    Debtor.

--------------------------------------------------------------------x
DEBRA KRAMER, as Trustee of the Estate of S.M.
Transportation, Ltd.,

                 Plaintiff,

     -against-

MARIA IQBAL AND SHAKIL IQBAL,

               Defendants.
--------------------------------------------------------------------x

Chapter 7

Case No. 10-43746-ess

Adv. Pro. No.: 11-01539-ess

## REPLY TO DEFENDANTS' COUNTERCLAIM AND TO REQUEST FOR JURY DEMAND IN DEFENDANTS' ANSWER

     DEBRA KRAMER, as Trustee (the "Trustee" and/or the "Plaintiff") of the estate of S.M. Transportation, Ltd., the debtor (the "Debtor") in this chapter 7 case, by and through the Trustee's counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for her reply to Maria Iqbal and Shakil Iqbal's (the "Defendants") counterclaim and request for a jury demand in their answer and states as follows:

### Reply to Counterclaim

     1.     As to paragraph "1" of Defendants' counterclaim, Plaintiff denies having sufficient knowledge and information to form a belief as to the allegations contained therein.

     2.     As to paragraph "2" of Defendants' counterclaim, Plaintiff denies having sufficient knowledge and information to form a belief as to the allegations contained therein.

3. As to paragraph "3" of Defendants' counterclaim, Plaintiff denies having sufficient knowledge and information to form a belief as to the allegations contained therein.

4. As to paragraph "4" of Defendants' counterclaim, Plaintiff denies having sufficient knowledge and information to form a belief as to the allegation contained therein.

FIRST AFFIRMATIVE DEFENSE

5. Upon information and belief, Defendants have not provided any evidence showing that they lent money to the Debtor.

6. In the event that Defendants lent money to the Debtor any transfers made to the Defendants from the Debtor or for the benefit of the Defendants on the account of an antecedent debt constitute preference payments.

7. Accordingly, Defendants' counterclaim fails to state a cause of action in which relief may be granted and should be dismissed in its entirety.

Reply to Jury Demand

8. Pursuant to 28 U.S.C. section 157(c ), if the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

9. Pursuant to section 157(b) of title 28 of the United States Code, bankruptcy courts may hear and determine all cases under title 11 of the United States Code (the "Bankruptcy Code") and may enter final orders and judgments in all core proceedings arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code.

10. The Second Circuit has held that those cases, "arising under" or arising in" a bankruptcy proceeding are the same as those defined as "core proceedings" under 28 U.S.C. section 157 (b). *See In re United States Lines, Inc.,* 197 F.3d 631, 636 (2d. Cir. 1999). Section 157 (b)(3) of title 28 of the United States Code requires a bankruptcy court to determine, either on a judge's own motion or a timely motion of a party, whether a proceeding is a core or non-core proceeding.

11. Pursuant to Section 157 (b) (2) (H) of title 28 of the United States Code, core proceedings include proceedings to determine, avoid or recover fraudulent conveyances.

12. The above-captioned action is a core proceeding and this Court has jurisdiction over this proceeding and may enter a final order or judgment.

13. Upon information and belief, the United States District Court of the Eastern District of New York has not given bankruptcy courts the right to conduct jury trials and Plaintiff does not consent to a jury trial.

14. A motion to withdraw the reference has not been made by the Defendants or granted by the Court.

15. Accordingly, this Court has jurisdiction over this matter and the Defendants' demand for a jury trial should be denied.

16. In view of the foregoing, it is respectfully requested that Defendants' counterclaim and Defendants' request for trial by jury.

Dated: Huntington, New York
      May 2, 2013

                                            The Law Offices of Avrum J. Rosen, PLLC
                                            Attorneys for Debra Kramer, Trustee

                            BY:    S/Fred S. Kantrow
                                                Fred S. Kantrow
                                                38 New Street
                                                Huntington, New York 11743
                                                631 423 8527
                                                Fkantrow@avrumrosenlaw.com