**THE LAW OFFICES OF**
**AVRUM J. ROSEN, PLLC**
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743

Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address:ajrlaw@aol.com

AVRUM J. ROSEN
FRED S. KANTROW

KIMBERLY I. BERSON
DEBORAH L. DOBBIN
KATHERINE A. GERACI **
( ** *also admitted in New Jersey* )

ALLAN B. MENDELSOHN *
MICHAEL J. O'SULLIVAN*
(* *of counsel* )

May 23, 2013

VIA ECF ONLY
Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

Re:    In re S.M. Transportation, Ltd., Chapter 7, Case No. 12-42218-ess
       Debra Kramer, as Trustee v. Shakil Iqbal and Maria L. Iqbal,
       Adv. Pro. No. 11-1539-ess

Dear Judge Stong:

The undersigned reviewed Mr. Dahiya's letter of May 2, 2013, as well as several subsequent e-mails and discovery demands, which are annexed hereto. Ignoring for the moment the fact that Mr. Dahiya continues to divulge attorney client communications, the undersigned feels compelled to respond to Mr. Dahiya's characterizations of how the trustees discharge their duties. As this Court is aware, Ms. Kramer has discontinued actions when convinced that, after having been provided relevant documents, that there are valid defenses, or there is a true inability to pay in the present or any time in the near future.

The Trustee consented to the mediation in the hopes of obtaining the information that she needs for such an analysis, in a cost effective manner, so that an informed determination can be made as to how to proceed.

The logic of the letter filed by Mr. Dahiya eludes me. Why his clients would turn down free representation and a free mediation program, which might convince the Trustee as to the merits of their contentions and, instead, elect to proceed with litigation because they have nothing, seems more than passing strange. Stranger still, is Mr. Dahiya's Demand for a videotaped deposition of the Trustee, by a client that claims to be destitute. These issues are compounded by Mr. Dahiya's

discovery demands, which, once again are directed towards the Trustee's investigation into the causes of action, conversations and communications with her counsel and have nothing to do with the merits of the causes of action themselves. Of course, all of these matters are privileged. These fraudulent conveyance actions are based solely upon the books and records of the Debtor. These documents were provided to the Trustee, by the defendants in this action, whom were the Debtor's principals, or the Debtor's banks. The books and records upon which the Trustee relied in commencing the action, which constitute thousands of pages of documents have been requested and will be produced.

The Trustee has no personal knowledge of these documents and can add nothing to the defendants' defense of the case. Originally, the undersigned considered letting the deposition go forward and contacted Mr. Dahiya about conducting it in the Courthouse because I knew there would be a need for court intervention at some point in time. The undersigned, as required, attempted to have good faith negotiations with opposing counsel. Those e-mails are annexed hereto. As the Court can see, each attempt has been met with insults and outright hostility. The last several responses made it clear that this deposition was being proposed purely in retribution for the Trustee, and this firm, having sought and having obtained, sanctions against Mr. Dahiya in another matter. Mr. Dahiya admitted that he was personally financing this litigation, with no real hope of being paid by his clients, and would obtain another usurious loan to conduct this deposition. It has become clear that there is no legitimate reason for this deposition, except Mr. Dahiya's personal vendetta and his crusade against the trustee system.

There are funds in this estate. The trustee does not want to expend them in litigation over frivolous matters. The Trustee is trying to determine if the defendants are truly judgment proof, and cannot get information from Mr. Dahiya. He has claimed that they do not even have their own personal tax returns.

In any event, the Trustee remains willing to mediate this matter, either in the pro bono mediation or in the regular mediation program, or informally before this Court or any other Court. In addition, before filing a motion to quash, the Trustee, and her counsel, are requesting a discovery conference with the Court to attempt to conserve estate assets.

Thank you.

                                                        Very truly yours,
                                                        s/Avrum J. Rosen
                                                        Avrum J. Rosen, Esq.


cc: Karamvir S. Dahiya, Attorney for the Defendants

| | |
|---|---|
| Subj: | **Re: discovery demands** |
| Date: | 5/22/2013 6:46:06 P.M. Eastern Daylight Time |
| From: | AJRLAW@aol.com |
| To: | karam@bankruptcypundit.com |
| CC: | kaur@legalpundit.com, kberson@avrumrosenlaw.com, dkramer@kramerpllc.com, fkantrow@avrumrosenlaw.com |

Dear Mr. Dahiya:

Your response highlights the problem. I attempt, in a perfectly civil manner to discuss an issue with you, because, if your clients really are destitute, the Trustee would take that into consideration. That is why we wanted to mediate, so we could determine the facts.

Instead, my request is met with invective, insults and a determination that the suit is baseless before you have reviewed even a single document. We have gone through hundreds, if not thousands, of documents to determine the basis of the action. You have admitted that you have not even reviewed your clients' tax returns.

More to the point, you bring up the judgment against you, and make it clear that you intent to finance this litigation for your own purposes (in violation of the Code of Ethics), which have nothing to do with your clients' interests. You have made it clear that this is a personal vendetta. Your anger at that decision has clearly clouded your judgment. Any other attorney would recognize the inherent conflict in your actions.

I have made a good faith effort to resolve this with you. I must now seek court intervention to quash the deposition notice in its entirety as it is clearly propounded for an improper purpose.

Thank you.

Avrum Rosen

Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Phone: 631-423-8527
Fax 631-423-4536
ajrlaw@aol.com

IRS Circular 230 Disclosure: Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.

Additional Notice: This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.

In a message dated 5/22/2013 5:53:19 P.M. Eastern Daylight Time, karam@bankruptcypundit.com writes:

> Federal Rules allows such deposition. For destitution, you have seen what it is, high priced loans are being obtained to satisfy the money hunt of Debra Kramer, your client and your office--I meant 1927. If I could borrow that at such a high price, I could borrow for the video deposition. My clients have not paid for so far, but they have promised in future when life gives them a breathing space from baseless and useless lawsuits, they will reimburse me.
>
> On 5/22/2013 2:39 PM, AJRLAW@aol.com wrote:
>
>> Karam: One more issue, I forgot to ask about. You noticed a video deposition, at your option. I cannot imagine that since you claim your clients are destitute, that they actually are going to incurr that expense. Please advise, so that I can address that issue in my letter to the Court.
>>
>> Law Offices of Avrum J. Rosen, PLLC
>> 38 New Street
>> Huntington, New York 11743
>> Phone: 631-423-8527
>> Fax 631-423-4536
>> ajrlaw@aol.com
>>
>> IRS Circular 230 Disclosure: Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
>>
>> Additional Notice: This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender

Subj: **Re: discovery demands**
Date: 5/21/2013 7:01:12 P.M. Eastern Daylight Time
From: karam@bankruptcypundit.com
To: AJRLAW@aol.com
CC: kberson@avrumrosenlaw.com

Well we have very valid reasons to examine the plaintiff. Please seek the judge intervention about it. As I file, that my office is the proper place...as was your place when I had opposed your place before the judge, however you persisted that it be in your office which was very very far for me. I went and there was no reason for the reason for the judge to have been called. Nor did my client give you any reason for such judicial intervention. I hope your client would similarly be honest, fortthright.

On 5/21/2013 6:02 PM, AJRLAW@aol.com wrote:

> Karam: I believe it is appropriate, given the history between the parties , to conduct the deposition at the courthouse. Do you seriously believe that the judge is going to disagree. Let me give you notice that this case, also, is not about the trustee. It is about actions taken by your clients when they ran the Debtor's business. There is really no reason to depose the trustee, but I will give you an opportunity to ask proper questions. I suspect we will need Court intervention at some point, so I want it at the courthouse.
>
> As you know, parties have an obligation to confer on these matters. If this is not acceptable to you. I will file a letter requesting a telephonic discovery conference with the judge.
>
> If you want to copy the documents, be my guest. I did not know if you had a high speed copier available, and you have demanded several thousand pages of documents.
>
> Please advise.
>
> Thank you.
>
> Avrum Rosen
>
>
> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Phone: 631-423-8527
> Fax 631-423-4536
> ajrlaw@aol.com
>
> IRS Circular 230 Disclosure: Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
>
> Additional Notice: This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.
>
> In a message dated 5/21/2013 5:31:59 P.M. Eastern Daylight Time, karam@bankruptcypundit.com writes:
>
>> Ms. Berson, you might have slightly tipped into the legal terra. I am not sure how familiar you are with the federal rules. Tell your firm leaders the following:
>>
>> I am afraid that they might might be confusing the centrality of the forum district. Minnesota Min. & Mfg. Co. v. Dacar Chemical Products Co., 707 F. Supp. 793, 795 (W.D. Pa. 1989). Of course, plaintiff is presumptively supposed to be available for deposition in the forum district. Similarly, defendant is equally subject to and presumptively, place of residence or work. What it means, you cannot oppose deposition in the forum district, however it does not mean that you could oppose the other district, which is just across the bridge. Now let us look at it. Your leaders' client Ms. Debra Kramer, panel trustee is the subject of examination. She must be examined. And if there are unnecessary obstruction created as here, I will seek sanctions. Rule 30(d)(2) allows the court to impose an appropriate sanction, including reasonable attorneys' fees and costs,on anyone who "impedes, delays, or frustrates the fair examination of the deponent."Fed. R. Civ. P. 30(b)(1) requires that the notice of deposition contain "the time and place of the deposition. . . ."e.g., *Karakozova v. University of Pennsylvania*, 2010 U.S. Dist. Lexis 102731 at *4-*5 (E.D. Pa. 2010) ("Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). My office located at 75 Maiden Lane is the place scheduled and Dahiya as seeking to take the deposition "has the original prerogative of designating place." It is clear that a party may unilaterally choose the location to conduct the deposition of the opposing party. See, e.g. Turner v. Prudential incs. Co. of Am., 119 F.R.D. 381, 383 (M.D.N.C. 1988). She practices law in New York and its not more than a mile from my office. It is highly inappropriate to bring such frivolous objection. However you might have to seek court protective order. I am amenable to having her deposition begin at 1 PM, however, provided we are allowed to continue with it the next day or other day.
>> As far as the production of the papers is concerned. I totally understand and appreciate your firms lack of monies or resources to do it in gratis. However you are mistaken about the command of Rule 34. It is clear, " A party may serve on any other party a request within the scope of <u>Rule 26(b)</u>:(1) to **produce and permit** the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." You have to produce the papers in my office, I will photocopy of them.
>>
>> On 5/21/2013 1:54 PM, kimberly Berson wrote:
>>
>>> Mr. Dahiya,
>>> Your discovery demands require us to produce approximately 1,500 to 2,000 pages in photocopies. We will photocopy the documents at your cost. If our office photocopie

```
---- Original Message ----
From: "Karamvir Dahiya" <karam@bankruptcypundit.com>
Sent: 5/15/2013 5:08:15 PM
To: ajrlaw@aol.com, <rbersonlawr@rosenlaw.com>, "Navpreet Kaur" <kaur@legalpundit.com>, "Karamvir Dahiya" <karam@legalpundit.com>
Subject: discovery demands
```

Please find herewith Notice of Deposition and Demand for Discovery of Papers.

--

DAHIYA LAW GROUP LLC
Attorneys
Karamvir Dahiya, Esq.
75 Maiden Lane Suite 506
New York, New York 10038
212-766-8000
Fax 212-766-8001

Cell: 646-420-9000

--

DAHIYA LAW GROUP LLC
Attorneys
Karamvir Dahiya, Esq.
75 Maiden Lane Suite 506
New York, New York 10038
212-766-8000
Fax 212-766-8001

Cell: 646-420-9000

immediately by telephone and return the original communication to us at
the above address by the U.S. Postal Service. Thank you.

In a message dated 5/22/2013 10:53:46 A.M. Eastern Daylight Time, karam@bankruptcypundit.com writes:

I spoke to my client, Mr. Iqbal, he told me that he has given his tax returns to your client Ms. Kramer. I need them, since you have already gone through them. I do not know why he did not keep a copy of the same. Please if you can look into it. You could email them to me or send by regular mail. I will pay for the postage.

On May 21, 2013, at 6:02 PM, AJRLAW@aol.com wrote:

> Karam: I believe it is appropriate, given the history between the parties, to conduct the deposition at the courthouse. Do you seriously believe that the judge is going to disagree. Let me give you notice that this case, also, is not about the trustee. It is about actions taken by your clients when they ran the Debtor's business. There is really no reason to depose the trustee, but I will give you an opportunity to ask proper questions. I suspect we will need Court intervention at some point, so I want it at the courthouse.
>
> As you know, parties have an obligation to confer on these matters. If this is not acceptable to you. I will file a letter requesting a telephonic discovery conference with the judge.
>
> If you want to copy the documents, be my guest. I did not know if you had a high speed copier available, and you have demanded several thousand pages of documents.
>
> Please advise.
>
> Thank you.
>
> Avrum Rosen
>
>
> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Phone: 631-423-8527
> Fax 631-423-4536
> ajrlaw@aol.com
>
> IRS Circular 230 Disclosure: Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
>
> Additional Notice: This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.

In a message dated 5/21/2013 5:31:59 P.M. Eastern Daylight Time, karam@bankruptcypundit.com writes:

> Ms. Berson, you might have slightly tipped into the legal terra. I am not sure how familiar you are with the federal rules. Tell your firm leaders the following:
>
> I am afraid that they might might be confusing the centrality of the forum district. Minnesota Min. & Mfg. Co. v. Dacar Chemical Products Co., 707 F. Supp. 793, 795 (W.D. Pa. 1989). Of course, plaintiff is presumptively supposed to be available for deposition in the forum district. Similarly, defendant is equally subject to and presumptively, place of residence or work. What it means, you cannot oppose deposition in the forum district, however it does not mean that you could oppose the other district, which is just across the bridge. Now let us look at it. Your leaders' client Ms. Debra Kramer, panel trustee is the subject of examination. She must be examined. And if there are unnecessary obstruction created as here, I will seek sanctions. Rule 30(d)(2) allows the court to impose an appropriate sanction, including reasonable attorneys' fees and costs, on anyone who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(b)(1) requires that the notice of deposition contain "the time and place of the deposition. . . ." e.g., *Karakozova v. University of Pennsylvania*, 2010 U.S. Dist. Lexis 102731 at *4–*5 (E.D. Pa. 2010) ("Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). My office located at 75 Maiden Lane is the place scheduled and Dahiya as seeking to take the deposition "has the original prerogative of designating place." It is clear that a party may unilaterally choose the location to conduct the deposition of the opposing party, See, e.g. Turner v. Prudential incs. Co. of Am., 119 F.R.D. 381, 383 (M.D.N.C. 1988). She practices law in New York and its not more than a mile from my office. It is highly inappropriate to bring such frivolous objection. However you might have to seek court protective order. I am amenable to having her deposition begin at 1 PM, however, provided we are allowed to continue with it the next day or other day.
> As far as the production of the papers is concerned. I totally understand and appreciate your firms lack of monies or resources to do it in gratis. However you are mistaken about the command of Rule 34. It is clear, " A party may serve on any other party a request within the scope of Rule 26(b):(1) to **produce and permit** the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." You have to produce the papers in my office. I will photocopy of them.
>
> On 5/21/2013 1:54 PM, kimberly Berson wrote:

Mr. Dahiya,
 Your discovery demands require us to produce approximately 1,500 to 2,000 pages in photocopies. We will photocopy the documents at your cost. If our office

---- Original Message ----
From: "Karamvir Dahiya" <karam@bankruptcypundit.com>
Sent: 5/15/2013 5:08:15 PM
To: ajrlaw@aol.com, kherson@avrumrosenlaw.com, "Navpreet Kaur" <kaur@legalpundit.com>, "Karamvir Dahiya" <karam@legalpundit.com>
Subject: discovery demands

Please find herewith Notice of Deposition and Demand for Discovery of Papers.

DAHIYA LAW GROUP LLC
Attorneys
Karamvir Dahiya, Esq.
75 Maiden Lane Suite 506
New York, New York 10038
212-766-8000
Fax 212-766-8001

Cell: 646-420-9000

DAHIYA LAW GROUP LLC
Attorneys
Karamvir Dahiya, Esq.
75 Maiden Lane Suite 506
New York, New York 10038
212-766-8000
Fax 212-766-8001

Cell: 646-420-9000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

S.M. TRANSPORTATION, LTD.,

                 Debtor.

Chapter 7

Case No. 10-43746-ess

-----------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.
                 Plaintiff,

-against-

Adv. Pro. No.: 11-01539

MARIA IQBAL AND SHAKIL IQBAL,

                 Defendants.
-----------------------------------------------------------------x
Maria Iqbal and Shakil Iqbal

                 Counter-Claimants
-against--

DEBRA KRAMER, as Trustee of the Estate of
SM Transportation, Ltd.

                 Counter-Defendant.
-----------------------------------------------------------------x

## DEFENDANTS NOTICE FOR VIDEO DEPOSITION OF DEBRA KRAMER, CHAPTER 7 TRUSTEE

TO: Panel Trustee Debra Kramer and Law Offices of Avrum Rosen, PC

COUNSEL:

      PLEASE TAKE NOTICE, that the undersigned counsel, pursuant to Rule 30 of the Federal Rules of Civil Procedure (7030 FRBP), on behalf of defendants, Maria Iqbal and Shakil Iqbal will take the video deposition of Ms. Debra Kramer, Chapter 7 Trustee for the above-captioned case, Adv. Pro. No.: 11-01539 for all purposes permitted by the Federal Rules of Civil

1

Procedure and Evidence. The video deposition will take place on, before a fully authorized court reporter at Dahiya Law Group LLC 75 Maiden Lane Suite 506 New York New York 10038, commencing June 19, 2013 at 10:00 a.m. and shall continue from day to day until completed and it shall be recorded by video, audio and/or stenographic means.

PLEASE TAKE FURTHER NOTICE that the deponent is instructed to bring to the deposition the originals of any records, documents, notes, correspondence or other tangible thing(s) which may be relevant to the aforementioned subject-matter of the deposition including but not limited to all documents signed or allegedly signed by defendants, and all documents and information reduced to writing and relied upon, reviewed or discussed by the deponent in preparation for this deposition.

PLEASE TAKE FURTHER NOTICE that this Request is deemed continuing to and through trial of this case. Should you in the future discover any items relating to any of the above matters of this Request, you are required to notify Defendants counsel of said information by way of Supplemental Answers to this Request, or an objection will be made at trial for the use of information not revealed.

May 15, 2013
New York NY

Respectfully submitted,

Karamvir Dahiya, Esq.
Counsel for the Defendants
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001

Notice to:

Avrum Rosen, Esq.
38 New Street
Huntington, NY 11743

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

S.M. TRANSPORTATION, LTD.,

                        Debtor.

Chapter 7

Case No. 10-43746-ess

-----------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.
                        Plaintiff,

-against-

Adv. Pro. No.: 11-01539

MARIA IQBAL AND SHAKIL IQBAL,

                        Defendants.
-----------------------------------------------------------------x
Maria Iqbal and Shakil Iqbal

                        Counter-Claimants
-against--


DEBRA KRAMER, as Trustee of the Estate of
SM Transportation, Ltd.

                        Counter-Defendant.
-----------------------------------------------------------------x

## DEFENDANTS FIRST REQUEST FOR PRODUCTION
## AND
## INSPECTION OF DOCUMENTS

Pursuant to FRCP 34 (7034 FRBP) defendants, Maria Iqbal and Shakil Iqbal(Iqbals)submits the following requests for documents to Debra Kramer as Trustee of the Estate of S.M. Transportation, Ltd. to produce on June 17th, 2013 at 11:00 AM, at the offices of Dahiya Law Offices LLC located at75 Maiden Lane, Suite 506B, New York NY 10038.

1

DEFINITIONS

1.  The term "you" or "your" refers to Debra Kramer as Trustee of the Estate of S.M. Transportation, Ltd and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Debra Kramer as Trustee of the Estate of S.M. Transportation, Ltd behalf.

2.  The term "document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence and FRCP 26(a), including any drafts, revisions and electronically-stored information as interpreted by the FRCP and federal case law in this Circuit.

3.  The term "persons" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint venture groups, associations and organizations.

4.  "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

5.  "Correspondence" means any letter, memorandum or other writing, including electronically-stored e-mail transmissions sent or received.

2

6. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, telegrams, telexes, tapes, or other sound recordings or means of transmitting information from one source to another.

7. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular includes the plural, and vice versa.

9. The use of one gender includes all others, appropriate in the context.

## INSTRUCTIONS

1. The relevant time period of these requests is from initiation of the aforesaid bankruptcy proceedings and shall include all documents, including electronically-stored information, which relate or refer to this period even though prepared before or subsequent to that period.

2. If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based and the document objected to by furnishing its date, author, recipient, a general description of the subject

matter of the document and the reason why the document is protected.

3. Notwithstanding your objection, you must disclose any objected-to evidence containing non-objectionable matter which is relevant and material to the discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

4. If you later discover additional responsive documents, you are obligated to supplement your responses pursuant to FRCP 26(e).

5. Electronically-stored information should be produced in the organizational categories and formats ordinarily used in your business.

### REQUESTS FOR PRODUCTION

1. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning the insolvency of the debtor at the time of the alleged transaction complained about in First Cause of Actions upon which the Complaint is based.
2. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data pertaining the "rights of a creditor with an unsecured claim" in First Cause of Actions upon which the Complaint is based.

3. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data reflecting the benefits received by the debtor complained about in the First Cause of Actions upon which the Complaint is based.

4. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data reflecting the transfer of the Pre-Petition Payments in an amount of $143,529.15. complained about in the Second Cause of Actions upon which the Complaint is based.

5. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Third Cause of Actions upon which the Complaint is based.

6. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Fourth Cause of Actions upon which the Complaint is based.

7. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Fifth Cause of Actions upon which the Complaint is based.

8. Your all documents, images, computer data relied upon by the Trustee, Plaintiff, forming the basis of complaining that "the transfer of the Pre-Petition Payments was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor."

9. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Sixth Cause of Actions upon which the Complaint is based.

10. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Eighth Cause of Actions upon which the Complaint is based.

11. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Ninth Cause of Actions upon which the Complaint is based regarding alleged payments "made by the Debtor to the Defendants within the two year period prior to the filing of the petition total $27,119.70."

12. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Ninth Cause of Action upon which the Complaint is based regarding the allegation that the payments made by the Debtor to the Defendants within the two year period prior to the filing of the petition were made for no or little consideration.

13. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Tenth Cause of Action upon which the Complaint is based regarding the allegation that the

"Defendant befitted from the Debtor's transfer of the Payments to her in an amount of $27,119.70."

14. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts complained about in the Eleventh Cause of Action upon which the Complaint is based regarding the allegation that the "Defendants received from the Debtor a total of $6,400.00 in payments within ninety day period prior to the filing of the petition (the "Preference Payments")."

15. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts upon which Eleventh Causes of Action are based.

16. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts upon which Twelfth Causes of Action are based.

17. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts upon which Thirteenth Causes of Action are based.

18. Your all documents, photocopied, scanned or word processed, images, electronically stored as computer data concerning alleged facts upon which Fourteenth Causes of Action are based.

19. Your e-mail, transmitted or received, relating to the claims or defenses pleaded in this civil action.

20. Your computer word-processed documents relating to the claims or defenses pleaded in this civil action.

21. Your computer-scanned images relating to the claims or defenses pleaded in this civil action.
22. Your data-based information relating to the claims or defenses pleaded in this civil action.
23. Your backed-up files relating to the claims or defenses pleaded in this civil action.
24. Your electronically-created documents relating to the claims or defenses pleaded in this civil action transmitted or received on your computers even if not created on your computers, relating to the claims or defenses pleaded in this civil action.
25. Your electronically-stored information including any hidden embedded or residual data not visible if the stored information is printed out, relating to the claims or defenses pleaded in this civil action.

Dated: May 15, 2013
New York New York

_____
Karamvir Dahiya, Esq.
75 Maiden Lane
Suite 506B
New York New York 10038
Tel: 212 766 8000
Fax: 212 766 8001