UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X   Case No.  10-43746
IN RE:


S.M. TRANSPORTATION, LTD.,



          Debtor

-------------------------------------------------X
DEBRA KRAMER

          Plaintiff,
Vs.                            ADV. PRO. NO. <u>1-11-01539-ess</u>




SHAKEEL IQBAL
MARIA IQBAL

          Defendants.
-------------------------------------------------X.

## AFFIRMATION IN OPPOSITION
## <u>REQUEST FOR PERMISSION TO PROCEED FOR SANCTIONS UNDER RULE 26(g)</u>

      The defendants Shakill Iqbal and Maria Iqbal ("Iqbals" collectively), through their counsel Karamvir Dahiya of Dahiya Law Offices LLC respectfully states the following in response to Avrum Rosen, Esq. (Rosen) letter objecting to the discovery filed as request for discovery conference.

**INTRODUCTION:**

      It is a extremely unfortunate that the consumer debtors or their family members find it extremely difficult to navigate through the legal process.  Dare any consumer challenge the claims of the trustee, that is deemed as audacious and trustee would do anything to thwart access to justice. Mr. Rosen does not realize that the justice is equal to all and all procedural rights are equally given to all the parties.

1

Rosen and his team has adopted very evasive means to avoid their obligation under the Order given by this court to complete the discovery. The reasons for not complying with the request for deposition changes with each exchange of emails. Rosen acts in bad faith. Mr. Rosen seeks and sought full discovery, however denies the same to the undersigned. The response to the discovery and request for deposition is in complete violation of Rule 26 (g) and is clearly sanctionable.

## PRELIMINARY OBJECTION TO THE LETTER REQUEST

Mr. Rosen is primarily attempting to seek a protective order through this "requesting a discovery conference."

Rule 26 defines the scope of adversary discovery. Rule 26 (b)(1) provides that discovery embraces <u>any matter not privileged</u> that is <u>relevant to the claims or defenses</u> raised in the pleadings, <u>even if it does not constitute admissible evidence.</u> Fed. R. Civ. P. 26(b)(1). "Consequently, '[a] party is entitled to depose a witness on all relevant issues as to which the witness has knowledge." *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) (quoting *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). Objecting to the notice does not excuse Ms. Kramer from attending the deposition unless she obtains a protective order under FRCP 26(c)(1). It is clear that Ms. Kramer does not qualify for such protection as scope of discovery available under the federal rules is very broad and she can only be excused if she claims a lack of familiarity with the facts of the case—which is impossible or cannot be expected from the plaintiff. See *Naffichi v. New York Univ. Medical Ctr.*, 172 F.R.D. 130 (S.D.N.Y. 1997).

Had this letter objection been made by a pro se litigant, court could construe this as a motion, however that benefit cannot be accorded to a trustee and or her legal team which claims higher level expertise in bankruptcy matters. Further, the letter contentions are more of a matter covered under Rule 30 (d), which again needs a motion and also thus is premature. Ms. Kramer objects to the discovery and as well as seek a protective order via letter, which is procedurally incorrect and cannot be give any weight. Neither objection nor the request for protective order are proper here under either Rule 26(c) or Rule 30 (d). Also the form and substance of the letter violates EDNY Local Civil Rule 6.1. i.e., there is no notice of motion, nor supporting affidavits and memoranda of law filed here or served. The undersigned was not served with letter motion.

Court, of course can *sua sponte* delimit the discovery scope, however if the adverse party wishes to request such relief, it must do so by a motion. This is not a *sua sponte* court intervention that we can set aside the Motion requirement. Mr. Rosen seeks protective order through letter and cites concerns of the third parties, the creditors. No third party rights can be an excuse to defer or defeat defendant right to deposition, protective orders are not given to protect the third party interest.

Mr. Rosen wants a total denial of discovery. Even the local rules of this court have not been followed. E.D.N.Y. LBR 7034-1," states that (a) In connection with any objection to document requests or answers thereto, the party making the objection shall

2

specify and quote verbatim each relevant document request or answer and, immediately following each specification, set forth the basis of the objection and (b) If an objection is made to any document request or portion thereof, the objection shall state all grounds with specificity. Any ground not stated in the objection within the time provided by the Bankruptcy Rules, or any extensions thereof, shall be deemed waived.

Mr. Rosen must file a proper motion with proper notice and raise substantive issues that pertains the issue at the bench. There are no short cuts with the court. This Court adheres with steadfastness to such rules and they apply to all and everyone. See Kramer as Trustee of the Estate of Shahara Khan v. Mahia et. case no. 11-01520-ESS (Court denying consideration of letter requesting recusal)

This letter objection, primarily a red-herring creates excessive burden for the defendant and incurs and waste substantial amount of time of the undersigned. Rosen deliberately creates such burdens to tire the opponents and to inflate his own bills.

## CONJECTURES & BASELESS ALLEGATIONS ALONE WOULD NOT SUFFICE.

Dahiya followed the discovery procedure. Dahiya gave a notice, a reasonable one (Rule 30 (b)(1). If Rosen finds something that is improper, he could have utilized Rule 26 (c) motion for a protective order. Ms. Kramer does not move by motion, but writes a letter created on an ad hoc basis conjectural and baseless in its content tailored to evade discovery obligations.

**Mr. Rosen request is not only for a protective order, it seeks a total denial of discovery to the defendant, that is what is the most alarming aspect of this letter.**

This letter, if construed as a motion for protective order does not merit such consideration. See *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (protective order must be based on a "clear record" and "specific findings" supporting the relief sought); and *Murphy v. Kmart Corp.* 2009 U.S. Dist. LEXIS 6081 (D.S.D. JAN. 27, 2009) (the party seeking a protective order must "articulate 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusionary statements," and demonstrate "that disclosure will work a clearly defined and serous injury tot eh party seeking disclosure. Kramer does not show any injury with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulate reasoning, do not support a good cause showing" (internal citation omitted); *ABC Rug & Carpet Cleaning Service Inc., v. ABC Rug Cleaners, Inc.*, 2009 U.S. Dist. LEXIS 2314 (S.D.N.Y. JAN. 14, 2009) ("The burden is upon the moving to party to demonstrate good cause or the protection sought, and the nature of the protections , if any, to be afforded is "singularly within the discretion of the district' . . . . More than 'broad allegation of harm unsubstantiated by specific examples or articulated reasoning," good cause requires "the moving party [t] demonstrate that disclosure will work a clearly defined and a very serous injury'" (internal citation omitted); and *El Camino Resources Ltd. v. Huntington National Bank.* 2008 US. Dist. LEXIS 52688 (W.D. MICH., JUNE 20, 2008) ("The burden of

3

establishing good cause for a protective order rests with the a party seeking the protection. The potential for annoyance, embarrassment, oppression or undue burden or expense 'must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." (internal citation omitted).

Rosen has not met his burden and no protective order must be entered and video deposition and discovery must proceed unimpeded. *Allen v. City of New York*, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (court noted that party can show good cause for protection of document under Rule 26(c) if it demonstrates "clearly defined and serious injury" would result from disclosure of document).

Mr. Rosen seeks and sought full discovery, however denies the same to the undersigned. All excuses that are created on an ad hoc basis

**Video Deposition:**

Dahiya noticed Rosen about the "method for recording the testimony." Rule 30 (b)(3)(A). Since 1970 upon amendment to the civil procedures, non-stenographic means of recording depositions is allowed. The proprietary of a video deposition is well accepted. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 649 (M.D.N.C. 1987)(reasoning that videotaped depositions better serve the objectives of accuracy, trustworthiness, and improved judicial procedures "by permitting the fact-finder to utilize a greater portion of his perceptive processes then when merely reading or listening to a stenographic deposition."

Liberalization of the federal rules to permit videotaping of depositions without prior authorization of the courts reflects recognition of the fact that videotapes are a means of presenting deposition testimony to juries that is superior to readings from cold, printed records. Fed.Rules Civ.Proc.Rule 30(b)(3), 28 U.S.C.A. *Citizens for Responsibility and Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168 (D.D.C. 2008); *Gillen v. Nissan Motor Corp. in U.S.A.*, 156 F.R.D. 120, 122 (E.D. Pa. 1994) (court permitted videotaped deposition, interpreting 1993 Amendment to Fed. R. Civ. P. 30 as encouraging wider use of nonstenographic means of deposition).
*Stern v. Cosby*, 529 F. Supp. 2d 417, 419-420 (S.D.N.Y. 2007) (unless court orders otherwise, party may videotape deposition as matter of right, as long as notice of intention to do so is given). *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 182 (S.D.N.Y. 2004) (party seeking videotaped deposition has no burden to justify decision to videotape deposition).

Rosen seeks protective order. Rule 26(c) governs this. A person opposing non-stenographic recording of a deposition may present objections to the court in a motion for protective order under Rule 26(c). Fed. R. Civ. P. 30 Advisory Committee's Notes, 1993 amendment.

4

"The liberalization of the Federal Rules of Civil Procedure to more fully permit videotape recording of depositions reflects a belief that the use of such technology enhances parties' presentation at trial, particularly before juries, of deposition testimony which historically was limited in form to 'readings from cold, printed records.'"*Flaherty v. Seroussi*, 209 F.R.D. 295, 297 n.4 (N.D.N.Y. 2001) (quoting *Paisley Park*, 54 F. Supp. 2d at 349) (videotaping allowed although "there is every reason to believe that defendants" motive in seeking to videotape the deposition is at least in part to generate notoriety for themselves and their business ventures").

Broad and liberal construction of rules concerning deposition-discovery is intended to effectuate purpose of rules that civil trials in federal courts be no longer carried on "in dark." *Schlagenhauf v Holder* (1964) 379 US 104, 13 L Ed 2d 152, 85 S Ct 234. Deposition-discovery rules are to be accorded broad and liberal treatment, to end that either party may obtain in advance of trial knowledge of all relevant facts in possession of other party. *Hickman v Taylor* (1947) 329 US 495, 91 L Ed 451, 67 S Ct 385,

Under Rule 30, deposition testimony may be compelled if information sought is reasonably calculated to lead to discovery of admissible evidence; it is not adequate objection that questions posed may not themselves produce admissible evidence. *Carr v New York Stock Exchange, Inc.* (1976, ND Cal) 414 F Supp 1292, CCH Fed Secur L Rep P 95563, 21 FR Serv 2d 1079.

Motion by plaintiffs for order vacating notice served by defendants to take deposition of one of plaintiff's attorneys as witness was denied as premature where attorney claimed that he could not answer any questions put to him by defendants because information was either privileged or part of his "work product." *Shiner v American Stock Exchange* (1961, SD NY) 28 FRD 34, 4 FR Serv 2d 488.

It is clear that 26 (g) requires imposition of sanctions absent substantial justification for violation. St. Paul Reinsurance Col, Ltd, 198 F.R.D. 508 (N.D. Iowa 2000). Rosen impeding the request for deposition and his responses clearly reflect bad faith. Court could also impose sanctions *sua sponte* under Rule 26(g). See Project 74 Allen-town, Inc. v. Frost, 143 F.R.D. 77 (E.D. Pa. 1992). Thus, the unreasonable position taken by the plaintiff's counsel in response to the undersigned request for video deposition warrants sanctions, fro Rosen did not have a valid objection. The chain of emails reflects his state of mind and unreasonableness. It starts with very frivolous objections and then stiffened into recalcitrance. Mr. Rosen had used the same excuses in all other cases dealing with the undersigned, but by now the court should be able to discern "cry wolf."

## **GOING THROUGH THE EMAILS AND PROTEIUS NATURE OF AVRUM RESPONSES.**

On May 21, 2013 I received the following email from Ms. Kimberly Berson, an employee at Rosen's office:

*Mr. Dahiya,*
*Your discovery demands require us to produce approximately 1,500 to 2,000 pages in photocopies. We will photocopy the documents at your cost. If our office photocopies the documents, we will charge you 10 cents per page or we can send it out at your cost. Please let us know how you wish to proceed. When we receive a check from you, we will photocopy the documents. In addition, Mr. Rosen has a court appearance the morning of 6/19, the date you scheduled the deposition of Debra Kramer. We need to start later in the day - around 1 p.m. Is that acceptable? As to the location of the deposition, we object to it taking place at your office which is located outside of the Eastern District. Please arrange to have the deposition conducted in the Bankruptcy Courthouse in Brooklyn. Thank you. Kim Berson*

Ms. Berson points out that Ms. Kramer cannot be deposed at the undersigned office because it is located outside of the Eastern District. The undersigned responded to the email as follows:

*Ms. Berson, you might have slightly tipped into the legal terra. I am not sure how familiar you are with the federal rules. Tell your firm leaders the following:*
*I am afraid that they might might be confusing the centrality of the forum district. Minnesota Min. & Mfg. Co. v. Dacar Chemical Products Co., 707 F. Supp. 793, 795 (W.D. Pa. 1989). Of course, plaintiff is presumptively supposed to be available for deposition in the forum district. Similarly, defendant is equally subject to and presumptively, place of residence or work. What it means, you cannot oppose deposition in the forum district, however it does not mean that you could oppose the other district, which is just across the bridge. Now let us look at it. Your leaders' client Ms. Debra Kramer, panel trustee is the subject of examination. She must be examined. And if there are unnecessary obstruction created as here, I will seek sanctions. Rule 30(d)(2) allows the court to impose an appropriate sanction, including reasonable attorneys' fees and costs, on anyone who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(b)(1) requires that the notice of deposition contain "the time and place of the deposition. . . ." e.g., Karakozova v. University of Pennsylvania, 2010 U.S. Dist. Lexis 102731 at \*4-\*5 (E.D. Pa. 2010) ("Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). My office located at 75 Maiden Lane is the place scheduled and Dahiya as seeking to take the deposition "has the original prerogative of designating place." It is clear that a party may unilaterally choose the location to conduct the deposition of the opposing party. See, e.g. Turner v. Prudential incs. Co. of Am., 119 F.R.D. 381, 383 (M.D.N.C. 1988). She practices law in New York and its not more than a mile from my office. It is highly inappropriate to bring such frivolous objection. However you might have to seek court protective order. I am amenable to having her deposition begin at 1 PM, however, provided we are allowed to continue with it the next day or other day.*
*As far as the production of the papers is concerned. I totally understand and appreciate your firms lack of monies or resources to do it in gratis. However you are mistaken about the command of Rule 34. It is clear, " A party may serve on any other party a request within the scope of Rule 26(b):(1) to **produce and permit** the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." You have to produce the papers in my office, I will photocopy of them.*

To the above, Mr. Rosen personally responded as follows:

*Karam: I believe it is appropriate, given the history between the parties, to conduct the deposition at the courthouse. Do you seriously believe that the judge is going to disagree. Let me give you notice that this case, also, is not about the trustee. It is about actions taken by your clients when they ran the Debtor's business. There is really no reason to depose the trustee, but I will give you an opportunity to ask proper questions. I suspect we will need Court intervention at some point, so I want it at the courthouse.*
*As you know, parties have an obligation to confer on these matters. If this is not acceptable to you. I will*

6

*file a letter requesting a telephonic discovery conference with the judge.*
*If you want to copy the documents, be my guest. I did not know if you had a high speed copier available, and you have demanded several thousand pages of documents.*
*Please advise.*
*Thank you.*
*Avrum Rosen*

Mr. Rosen changed his reason for not going ahead with the deposition in my office—no more different districts--it is the court proximity that he asserts now. Realizing that the court in deposition is always, usually reached through phone and for that it does not make a difference where one is. About papers, he did not know that I could afford a high speed copier or I could have access to such copiers.

Mr. Rosen now further sends the following email:

*Karam: One more issue, I forgot to ask about. You noticed a video deposition, at your option. I cannot imagine that since you claim your clients are destitute, that they actually are going to incurr that expense. Please advise, so that I can address that issue in my letter to the Court.*

Finding Mr. Rosen's email as disingenuous, the undersigned responded to the aforesaid email as follow:

*Federal Rules allows such deposition. For destitution, you have seen what it is, high priced loans are being obtained to satisfy the money hunt of Debra Kramer, your client and your office--I meant 1927. If I could borrow that at such a high price, I could borrow for the video deposition. My clients have not paid for so far, but they have promised in future when life gives them a breathing space from baseless and useless lawsuits, they will reimburse me.*

Mr. Rosen jumps at this email and creates another excuse for not complying with the discovery or deposition and states as follows:

*Dear Mr. Dahiya:*

*Your response highlights the problem. I attempt, in a perfectly civil manner to discuss an issue with you, because, if your clients really are destitute, the Trustee would take that into consideration. That is why we wanted to mediate, so we could determine the facts.*

*Instead, my request is met with invective, insults and a determination that the suit is baseless before you have reviewed even a single document. We have gone through hundreds, if not thousands, of documents to determine the basis of the action. You have admitted that you have not even reviewed your clients' tax returns.*

*More to the point, you bring up the judgment against you, and make it clear that you intent to finance this litigation for your own purposes (in violation of the Code of Ethics), which have nothing to do with your clients' interests. You have made it clear that this is a personal vendetta. Your anger at that decision has clearly clouded your judgment. Any other attorney would recognize the inherent conflict in your actions.*

*I have made a good faith effort to resolve this with you. I must now seek court intervention to quash the deposition notice in its entirety as it is clearly propounded for an improper purpose.*

7

*Thank you.*

*Avrum Rosen*

      Mr. Rosen manipulates facts, recharacterizes the realities of the case to suit his need. He claims he has gone through "hundreds of documents, if not thousands," and imputes that I "finance this litigation for [my] own purposes." These vague excuses cannot supplant the reasons for not complying with the discovery request. The trajectory of the shifting excuses provides the basis for finding of lack of good faith and thus sanctions are warranted under Rule 26(g) against Mr. Rosen.

      Mr. Rosen writes a letter for court intervention and does not fax or email a copy of the same to the undersigned to respond adequately. The letter to the court is self serving and glorifies Ms. Kramer as someone who "has discontinued actions when convinced that there are valid defenses, or there is a true inability to pay in the present or any time in the near future." The record speaks just the opposite, in this case and other cases.

      The Trustee's so called consent to mediation is only when she was told that the family of the defendants had loaned more than $250,000 in debtor business. This knowledge, its amazing that it escaped the trustee's hard work, especially when they claim that they have gone through, "hundreds of documents, if not thousands." All this mediation thrusts found in this letter are nothing but an excuse from producing Ms. Kramer for deposition.

      Mr. Kramer makes premature objections in his letter alleging that the undersigned discovery demands are "directed towards the Trustee's investigation into the cause of action, conversations and communications with her counsel and have nothing to with the merits of the causes of actions themselves." Mr. Rosen objections are those amenable to be raised or proper for at the time of deposition and not now. We do not seek disclosure of communications between Rosen and Mr. Kramer but the facts underlying such communication. It is clear that facts because they are communicated by the client to the lawyer does not ipso facto become a subject of attorney client privileged. *See., e.g. State Farm Mut. Auto. Ins. Co. v. Hawkins*, 72 Fed. Rules Serv. 3d 563 (E.D. Mich. 2008) (defendant could not shield underlying facts of a case, of which she had direct knowledge, from disclosure by communicating them to her attorney); *In re Grand Jury Subpoenas*, 959 F.2d 1158 (2nd Cir. 1992). The fact that Rosen might have gone through "hundreds of documents" and participate in a conversation does not protect the communication. *Alexander v. FBI*, 186 F.R.D. 102, 111 (D.D.C. 1998)(document consisting of follow-up questions sent by congressional committee to witness's attorney not privileged). Further, the attorney client privilege does not protect information about an attorney learns from third parties or public documents. *See e.g. B.C.F,. Oil Refining v. Consolidated Edison Co.*, 168 F.R.D. 161, 165 (S.D.N.Y. 1996).

Rosen fights through his letter about the merits of the case. It is improper. It is also improper for Rosen to claim a blanket privilege. He must make specific objection to specific information sought. A general claim of privilege is inadequate. *Equal Rights Center v. Post Properties, Inc.*, 247 F.R.D. 208 (D.D.C. 2008); *Obiajulu v. City of Rochester, Dep't of law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).   Rosen could withhold or redact the privileged documents. *See Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.rd 851, 864 (3rd Cir. 1994).   Further, the undersigned is entitled to ask foundation questions to assess the privilege claim. See FRCP 26(b)(5).

If the objections is regarding information the production of documents, Rosen must object in his response to the discovery and prepare and serve a privilege log. FRCP 26(b)(5).

About as far as the kindness of this trustee is concerned, they are well aware that the Ms. Maria Iqbal is suffering from cancer which has spread now. Mr. Iqbal is diabetic, heart patient and suffers from blood pressure, severe depression and memory loss.  The defendants children Eliza had to drop out from college in 2011 because she has to work to support her parents. Shan, the son of the defendants also had to drop out of college to work to support the family. It is the moral obligation of Karamvir Dahiya, as their counsel and as a member of the society to help the family in this crisis.  Mr. Rosen words are not backed up by his action. He is the same attorney who sought denial of discharge of the debtor and was granted the same, though the pleadings could not have been the basis of such a denial. Further, he has examined the defendants, and claims to have gone through "hundreds of documents", for an ordinary person that could have provided enough information to reach the conclusion, "the defendants are truly judgment proof."
In reality all these conservation of resources etc., are excuses to not to allow the deposition of this trustee.  Wherefore, we seek instruction that the trustee be produced for video deposition and trustee pay for opposition of this letter motion, which is not seeking discovery conference but proactive relief of not having to provide the discovery.

Dated: May 27, 2013

                                              Karamvir Dahiya, Esq. for Iqbals