UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X  Case No.
In re:                                                    10-43746-ess
**S.M. TRANSPORATION, LTD.**
        **Debtor.**

-------------------------------------------------X
**DEBRA KRAMER**
                       Adv. Pro. No.: 11-01539-ess
        **Plaintiff,**
**Vs.**

**SHAKIL IQBAL**
**MARIA IQBAL**

        **Defendants.**
-------------------------------------------------X.

## NOTICE OF MOTION TO STRIKE PLEADING

       PLEASE NOTICE, that Shakil Iqbal and Maria Iqbal shall move this court for an order striking an affirmative defense related to jury demand under Rule 12 (f) of Federal Rules of Civil Procedure as applicable to the bankruptcy court, as such defense is baseless and legally insufficient.

       A hearing has been scheduled in this matter on July 2nd, 2013 at 10:00 AM at Courtroom 3585 of United States Bankruptcy Court, Eastern District of New York, located at 271 Cadman Plaza East, 271-C Cadman Plaza East Suite 1595, Brooklyn New York 11201, presided over by Hon. Elizabeth Stong, United States Bankruptcy Judge. All responses be filed at least 5 days prior to the scheduled hearing.

Dated: New York, New York
      June 4, 2013

                                Karamvir Dahiya, Esq.
                                Dahiya Law Offices LLC
                                75 Maiden Lane Suite 506
                                New York New York 10013
                                Tel: 212 766 8000
                                Fax: 212 766 8001

**NOTICE TO:**

Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X  **Case No.**
In re:                                              10-43746-ess
**S.M. TRANSPORATION, LTD.**
                    **Debtor.**


-------------------------------------------------X
**DEBRA KRAMER**
                                        Adv. Pro. No.: 11-01539-ess
                    **Plaintiff,**

**Vs.**

**SHAKIL IQBAL**
**MARIA IQBAL**


                    **DefendantS.**
-------------------------------------------------**X.**


## AFFIRMATION IN SUPPORT OF
## MOTION TO STRIKE PLEADING

Shakil Iqbal and Maria Iqbal (Iqbals) through their counsel Karamvir Dahiya of Dahiya

Law Offices LLC respectfully submit as follow:

On May 7th, 2013 the plaintiff filed, "REPLY TO DEFENDANTS" COUNTERCLAIM

AND TO REQUEST FOR JURY DEMAND IN DEFENDANTS' ANSWER," (Reply) to the

Answer posited by the defendants.  From that Reply we request that "Reply to Jury Demand" i.e.

paragraph numbered 8 to 16 be stricken as it is baseless and legally insufficient.

Despite the timing of this motion, it must be considered herewith now, for judicial

discretion is proper here.

This judicial discretion is appropriate since in many instances a

motion to strike redundant, impertinent, immaterial, or

scandalous matter is designed to eliminate allegations from the

pleadings that might cause prejudice at some later point in the

2

litigation. In light of this, the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit.

§ 1380 Motion to Strike—In General, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.)

The Reply is replete with unnecessary, confusing and impertinent observation. If the Reply is treated as a defense to a valid claim of right to a jury trial, then It is clearly an insufficient defense to a valid jury trial demand. All well-pleaded facts are taken as admitted on a motion to strike" *Kelly v. Kosuga*, 1959, 79 S.Ct. 429, however not conclusions of law. *Barnidge v. U.S.*, C.A.8th, 1939, 101 F.2d 295. If the plaintiff has any objection to a valid jury demand, she must approach it by a motion. FRCP 39 (a)(2) (the court, **on motion** or on its own, finds that on some or all of those issues there is no federal right to a jury trial). Reply filed here is a pleading and motions are not pleading. It is clear that as a matter of law that fraudulent conveyance implicates private rights and such state based causes of actions are deemed to provide parties with the right to a jury trial. It has been held that, the right of action issue in the case—a bankruptcy trustee's power to avoid a fraudulent conveyance, as here—was "more accurately characterized as a private rather than a public right as we have used those terms in our Article III decision." See *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55 (1989)

Rule 38, Fed. R. Civ. P., acknowledges the Seventh Amendment and statutory right to a jury trial, where such a demand has been timely made. No doubt that in this case related to state based cause of actions, right to jury trial exist. See Granfinanciera. There is no presumption against it, on the contrary, because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver. See *Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed.

1177 (1937); Local 783, *Allied Industrial Workers v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir.), cert. denied, 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973); *Heyman v. Kline*, 456 F.2d 123, 129 (2d Cir.1972), cert. denied, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972).

It is a federal court that which must determine this action. No doubt about it. **Seventh Amendment cases must go to Article III courts.** *In re Clay*, 35 F.3d 190, 195 (5th Cir. 1994) (" ... bankruptcy courts lack the statutory authority to conduct jury trials"); *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 57-87, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982) (Congress does not have the same power to create adjuncts to adjudicate constitutionally recognized rights as it does to adjudicate rights that it creates).

Fed. R. Civ. P. 12(f) authorizes a motion to strike from the pleadings any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Matter is impertinent or immaterial for purposes of Rule 12(f) if it is not relevant to the resolution of any issue before the court *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171 (S.D. Cal. 2010).When considering a motion to strike materials on the ground of immateriality, the moving party has the burden of showing that the allegations are so irrelevant that no evidence supporting the challenged statements would be admissible. *Holmes v. Fischer, 764 F. Supp. 2d 523, 532 (W.D. N.Y. 2011)*. "An affirmative defense is legally 'insufficient' if, as a matter of law, it cannot succeed under any circumstances." *D.S. America (East), Inc. v. Chromagrafx* Imaging *Systems, Inc.*, 873 F. Supp. 786, 798, 1995-1 Trade Cas. (CCH) ¶ 71028 (E.D. N.Y. 1995).

**Core v. Noncore**

This is an improper way of looking at the federal jurisdiction for purposes of article III. This distinction is not determinative of the jurisdiction when it comes to the constitutional rights and obligations.

The right to a jury trial is of constitutional concern. Neither Congress nor the courts may deprive litigants of their constitutional rights simply by labeling a cause of action "core." *Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1326-1327 (2d Cir. Conn. 1993) alluding to Granfinancier). Thus the determination that the Trustee's action is "core" is entitled to minimal weight in reaching our ultimate decision on the jury trial issue. Id.

Irrespective of the labels—core v. noncore—if an action involving "private right" is legal in nature, then the parties are entitled to a jury trial, and Congress cannot nullify that right by channeling the claim to an administrative agency or court of equity: Congress may devise novel cause of action involving public rights free from the strictures of the Seventh Amendment if it assigns their adjudication to tribunals without statutory authority to employ juries as factfinders. But it lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury . . . . [T]o hold otherwise would be to permit Congress to eviscerate the Seventh Amendment's guarantee by assigning to administrative agencies or courts of equity all causes of actions not grounded in state law, whether they originate in a new fashioned regulatory scheme or possess a long line of common-law forebears." Granfinanciera, 492 U.S. at 51-52.

The plaintiff makes strange calculations—since the bankruptcy court cannot conduct jury trials—parties must lose their constitutional seventh amendment right—adjudication must occur within bankruptcy court! However such reasoning has been rejected. Granfinanciera.

Law is clear: the right of a bankruptcy trustee to recover a fraudulent conveyance against a defendant who has not filed a claim in the bankruptcy proceeding is a "private right" that "must be adjudicated by an article III court." *Granfinanciera* 492 U.S. at 54-55.

Motion to strike must be granted. Mr. Kantrow raises baseless proposition of law, just because the matter is being initiated by a trustee and is before a bankruptcy court, it is not enough to deny Jury Trial rights. *E.E.O.C. v. Product Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1099 (D. Minn. 2012) (Rule 12(f) motion granted because defendants' affirmative defense that Minnesota Workers' Compensation Act bars plaintiffs' claims under Americans with Disabilities Act is insufficient as matter of law).

Wherefore, the motion to strike Reply be-granted and impugned portion of Reply be stricken.

Dated: New York New York
     June 4th, 2013.

_____
Karamvir Dahiya, Esq. for Defendants