The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Fred S. Kantrow
Kimberly I. Berson

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Return Date: July 2, 2013**
**Time: 10:00 a.m.**

------------------------------------------------------------------x

In re:

        S.M. TRANSPORTATION, LTD.,

               Debtor.

------------------------------------------------------------------x

Chapter 7

Case No. 10-43746-ess

DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.

              Plaintiff,

    -against-

MARIA IQBAL AND SHAKIL IQBAL,

            Defendants.

Adv. Pro. No.: 11-1539

--------------------------------------------------------------------x

MARIA IQBAL AND SHAKIL IQBAL,

           Counter-Claimants,

    -against-

DEBRA KRAMER as Trustee of the Estate of
S.M. Transportation, Ltd.

           Counter-Defendant.

--------------------------------------------------------------------x

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO THE  STRIKE
PORTION OF PLAINTIFF'S REPLY THAT RESPONDS TO DEFENDANTS' DEMAND
FOR A JURY**

1

Avrum J. Rosen, the undersigned, an attorney admitted to practice law in the Courts of the State of New York and in this Court hereby affirms the following to be true under the penalties of perjury:

1. I am a partner of The Law Offices of Avrum J. Rosen, PLLC, attorneys for Debra Kramer, as Chapter 7 Trustee of the Estate of S.M. Transportation, Ltd. (the "Plaintiff" or "Trustee"), the Plaintiff in connection with the above referenced matter.

2. I submit this affirmation in opposition to the motion of Maria Iqbal and Shakil Iqbal's (the "Defendants") motion to strike paragraphs "8" through "16" of Plaintiff's reply to Defendants' answer and counterclaims.  These paragraphs respond to Defendants' demand for a jury trial contained within Defendants' answer.

3. As will be more fully set forth herein, the Defendants voluntarily waived their right to demand a jury trial by failing to file their demand within the time prescribed by Rule 38 of the Federal Rules of Civil Procedure made applicable through Rule 9015 of the Federal Rules of Bankruptcy Procedure.   Since the Defendants gave up their right to demand a trial by jury, their motion to strike those portions of Plaintiffs' reply which object to Defendants demand for a jury trial should be denied in its entirety.

4. As will be set forth herein, a review of the procedural history of this case reveals that the Defendants have been provided with many opportunities to make a timely written demand for a jury trial and failed to do so.   The Defendants' failure to

2

make a timely demand for a jury trial results in a waiver of the right to a jury trial. Accordingly, Plaintiff's reply to Defendants' request for a jury trial is well founded and warranted. A copy of the Court's docket in connection with the instant adversary proceeding setting forth the history of this case is annexed hereto as Exhibit "A".

5. The above captioned adversary proceeding was commenced against the Defendants on December 17, 2011 upon the filing of a complaint by the Plaintiff. A copy of the complaint is on the Court's docket as Docket No. 1 and is annexed hereto as Exhibit "B".

6. The Clerk of the Court issued a Summons and Notice of Pre-Trial Conference on December 19, 2011. A copy of the Summons and Notice of Pre-Trial Conference is on the Court's electronic Docket as Docket No. 2 and is annexed hereto as Exhibit "C".

7. The last day to file an answer was set at January 18, 2012 and the first Pre-Trial Conference was scheduled on February 16, 2012.

8. Plaintiff served the Summons and Notice of Pre-Trial Conference and the complaint on the Defendants on December 20, 1011. A copy of the Affidavit of Service is on the Court's docket as Docket No. 3 and is annexed hereto as Exhibit "D".

9. The Defendants failed to file answer and/or demand for a jury trial by January 18, 2012. The Defendants appeared at the Pre-Trial Conference on February 16, 2012 and the Court adjourned the matter to March 15, 2012 to provide them with

time to file an answer.  By March 15, 2013, the Defendants still had not filed an answer and/or a demand for a jury trial and failed to appear at the Pre-Trial Conference.  The Court adjourned the Pre-trial Conference to April 24, 2012. Rather than filing an answer, the Defendants filed a voluntary Chapter 7 petition which stayed the above-referenced action.  The Court carried the above-referenced action while the Defendants' bankruptcy case was pending.

10.    Within the Defendants's bankruptcy proceeding, Plaintiff commenced an action against the Defendants seeking to block the Defendants' discharge and for a determination that the debt due to the Plaintiff was non-dischargeable.  The Defendants did not answer that action and Plaintiff filed a motion for entry of a default judgment.   Plaintiff obtained a default judgement against the Defendants which determined that the Defendants were not entitled to a discharge of their debts and that the sum of $143,529.17 due to the Plaintiff was non-dischargeable. A copy of the Order and Judgment are annexed hereto as Exhibit "E".

11.    After the Defendants were denied a discharge,  Defendants still did not file an answer to the above referenced action or a demand for a jury trial.  As a result, Plaintiff filed a motion seeking a default judgment against the Defendants which was scheduled for March 5, 2013.   The motion for a default judgment is on the Court's docket as Docket No. 6.

12.    Plaintiff served the motion seeking entry of a default judgment upon the Defendants and Defendants failed to file a written response to the motion or answer the complaint.  A copy of the Affidavit of Service is on the Court's docket

4

as Docket No. 7.

13.    On March 5, 2013, a hearing in connection with the motion for a default judgment

was heard and the Court thereafter issued an Order requiring the Defendants to

file an answer by April 4, 2013 and adjourned the Pre-Trial Conference to April

25, 2013. A copy of the Order is on the Court's electronic docket as Docket No. 8

and annexed hereto as Exhibit "F".  At that  hearing, Karamvir Dahiya appeared

on behalf of the Defendants and indicated that they would be retaining him to

represent them.

14.    On March 7, 2013, Karamvir Dahiya filed a notice of appearance on behalf of the

Defendants.  A copy of the Notice of Appearance is on the Court's docket as

Docket No. 10.

15.    The Defendants failed to file an answer or a demand for a jury trial on or before

April 4, 2013 in accordance with the Court's Order.

16.    On April 25, 2013, twenty one days after the time to file an answer expired, the

Defendants filed an answer with a demand for a jury trial.  A copy of Defendants'

answer is on the Court's electronic Docket as Docket No. 13.

17.    Rule 38 (b) of the Federal Rules of Civil Procedure made applicable through  Rule

9015 of the Federal Rule of Bankruptcy Procedure provides that a party may

demand a trial jury by : "(1)serving the other parties with a written demand -

which may be included in a pleading- no later than 14 days after the last pleading

directed to the issue is served" and "(2)filing the demand in accordance with Rule

5 (d)." Fed. R. Civ. 38(b).  Rule 38(d) provides that "[a] party waives a jury trial

5

unless its demand is properly served and filed."

18.    The Defendants' demand for a jury trial was not timely filed.  The summons was issued on December 20, 2011 and the summons and complaint were served on December 21, 2011.  The last day to answer was January 18, 2012 and the Defendants failed to file an answer and/or make a demand for a jury trial by that date.  The Court allowed the Defendants until March 15, 2012 to file an answer which the Defendants failed to do and then subsequently filed a bankruptcy petition.  After the Defendants were denied a discharge in their personal bankruptcy case and the instant proceeding was authorized to continue, the Defendants continued to fail to respond to Plaintiff's complaint and did not make a demand for a jury trial.  The Court generously granted the Defendants until April 4, 2013 to answer the complaint.  However, the Defendants again failed to file an answer on time and failed to file a demand for a jury trial.  On April 25, 2013, the Defendants filed an answer which contained a demand for a jury trial.  The answer and the request for a jury trial were twenty one days after their deadline to file an answer expired and both were untimely.  Accordingly, Defendants did not make a timely demand for a jury trial under Rule 38 of the Federal Rules of Civil Procedure and therefore, waived their right to a jury trial under Rule 38(d) of the Federal Rules of Civil Procedure.

19.    United States District Court Judge Irizarry in *Kramer v Mahia and Dahiya,* 12-MC-794 (DLI) and in *Kramer v. Mahia*, 12-MC-832(DLI) recently held that a demand for a jury trial that was not timely filed in accordance with Rule 38 of the

Federal Rules of Civil Procedure was not a valid demand for a jury trial.  A copy of her decision is annexed hereto as Exhibit "G".

20.     Counsel has ignored this decision, even though he was the attorney in that decision.  The Defendants instead filed the late answer with the demand for a jury trial and now seek to strike that portion of Plaintiff's reply that seeks to dismiss their request for a jury trial.  This motion has been made solely to harass the Trustee in this case and the Trustee reserves her rights to seek damages pursuant to Section 105 of the Bankruptcy Code and 18 U.S.C. Section 1927.

21.     Defendants' seek to strike Paragraphs "8" through "16" of Plaintiff's Reply which responds to Defendants' demand for a jury trial because it is "baseless and legally insufficient."    This argument is wholly erroneous.

22.     Indeed, Plaintiff's reply to Defendants' request for a jury trial is well founded and legally sufficient as the Defendants have failed to timely made such demand.

23.     Accordingly, it is respectfully requested that Defendants' motion to strike Paragraphs "8" through "16" of Plaintiff's reply which objects to Defendants' be denied in its entirety and the jury demand be stricken.

WHEREFORE, for the foregoing reasons, it is respectfully requested that Defendants' motion to strike Paragraphs "8" through "16" of Plaintiff's reply be denied in its entirety and the jury demand be stricken and for such other, further and different relief as this Court deems just, proper and equitable.

Dated:  Huntington, New York
        June 25, 2013                          The Law Offices of Avrum J. Rosen, PLLC
                                               Attorneys for Plaintiff

7

BY:    S/Avrum J. Rosen
       Avrum J. Rosen
       38 New Street
       Huntington, New York 11743
       631 423 8527
       ajrlaw@aol.com